UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUZANA PETROV,                                                      DOCKET NO. 24-cv-491

    Plaintiff,                                                           **COMPLAINT**

v.

SENSIO COMPANY (US) INC.,
and SENSIO INC.,

    Defendants.
_____/

    Plaintiff Suzana Petrov, through undersigned counsel, and pursuant to all applicable Federal Rules of Civil Procedure, hereby files this Complaint and alleges against Defendants, Sensio Company (US) Inc., and Sensio Inc. and alleges as follows.

## General Allegations

1. This Court has jurisdiction over the subject matter presented by this Complaint pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties.

2. Plaintiff, at all times material hereto is and was a citizen of the State of Illinois.

3. That at all times material hereto, Defendant Sensio Company (US) Inc. ("Sensio US") was and is a Delaware corporation incorporated under the laws of the State of Delaware, with its principal place of business in New York, New York.

4. Defendant Sensio US is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

5. That at all times material hereto, Defendant Sensio Inc. ("Sensio") was and is a Delaware corporation incorporated under the laws of Delaware with its principal place of business in New York, New York.

6. Defendant Sensio is subject to the jurisdiction of the Court because it operated, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or material which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

7. Venue is proper under 28 U.S.C. § 1391 because the Defendants, Sensio US and Sensio are subject to this Court's jurisdiction as they reside within the Southern District of New York's jurisdiction.

**FACTUAL BACKGROUND**

8. On or before April 19, 2022, Plaintiff purchased a Sensio Steam Espresso Maker ("Espresso Maker").

9. Upon information and belief, at all relevant times, Defendant Sensio US is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Espresso Maker.

10. Upon information and belief, at all relevant times, Defendant Sensio is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Espresso Maker.

11. Upon information and belief, at all relevant times, Defendants Sensio US and/or Sensio tested and/or inspected the Espresso Maker in order to ensure that it was free from defects and safe for consumer use.

2

12. The Espresso Maker is an electric kitchen appliance designed to be used for efficient preparation of coffee. The product is designed to brew coffee by heating up water inside a pot that produces steam and scalds the water. The resulting temperatures produced are expected to pass the scalding water through the coffee grounds in order to drip coffee.

13. On or about April 19, 2022, Plaintiff was using the Espresso Maker and followed instructions enclosed with the Espresso Maker.

14. While using the Espresso Maker to brew coffee, it suddenly and without warning exploded while Espresso Maker was brewing coffee, causing scalding hot liquid, contents, and steam to fly out of the Espresso Maker and onto Plaintiff.

15. The Espresso Maker had not been misused and had not been modified post-sale before it failed.

16. As a direct and proximate result of the explosion of the Espresso Maker and the expulsion of scalding contents therefrom, Plaintiff suffered severely painful and disfiguring second degree burns to the body, and resulting pain and suffering, discoloration and hyperpigmentation to the body, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

### **COUNT I – PRODUCTS/STRICT LIABILITY AGAINST SENSIO US**

17. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

18. At all relevant times, Defendant Sensio US was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing Espresso Makers and did design, manufacture, inspect, test, distribute, sell and/or market the Espresso Maker giving

3

rise to the subject Complaint.

19. The Espresso Maker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

20. The Espresso Maker had not been misused post-sale before it failed.

21. The Espresso Maker was within its anticipated useful life when it failed.

22. The Espresso Maker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

23. Specifically, the Espresso Maker was unreasonably dangerous and/or defective in that:
   a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

   b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

24. That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns and other injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

25. Therefore, Defendant Sensio US is liable to Plaintiff for the aforementioned injuries caused by the defective Espresso Maker.

WHEREFORE, Plaintiff, Suzana Petrov, demands judgment against Defendant, Sensio US, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT II – NEGLIGENCE AGAINST SENSIO US

26. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set

4

forth herein.

27. Defendant Sensio US owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Espresso Maker, and/or to adequately warn of dangers presented by the product's design.

28. Defendant Sensio US knew, or in the existence of ordinary care, should have known, that the Espresso Maker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

29. Alternatively, Defendant Sensio US knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Espresso Maker such that the type of incident and resulting injuries and damages as described herein would have been prevented.

30. Alternatively, Defendant Sensio US had actual or constructive knowledge of the means of designing a Espresso Maker that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant Sensio US failed to adequately design, equip and/or manufacture the Espresso Maker.

31. Alternatively, Defendant Sensio US negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

32. Alternatively, Defendant Sensio US failed to prudently design, manufacture, test, inspect, market and/or sell the Espresso Maker, and/or failed to include a reasonable and safer alternative to the subject defective condition.

33. As a direct and proximate result of Defendant Sensio US' negligence, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain

and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Suzana Petrov, demands judgment against Defendant, Sensio US, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

**COUNT III – BREACH OF EXPRESS WARRANTY AGAINST SENSIO US**

34. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

35. Defendant Sensio US designed, manufactured, assembled, distributed, inspected, tested and/or sold the Espresso Maker.

36. Defendant Sensio US expressly warranted that the Espresso Maker was safe for ordinary use when used in compliance with the instructions provided.

37. Defendant Sensio US' affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the Espresso Maker.

38. The Espresso Maker did not conform to Defendant Sensio US' affirmations regarding safety.

39. As a direct and proximate result of Defendant Sensio US' breach of express warranties, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in

the future.

WHEREFORE, Plaintiff, Suzana Petrov, demands judgment against Defendant, Sensio US, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST SENSIO US

40. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

41. Defendant Sensio US at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Espresso Maker.

42. Defendant Sensio US impliedly warranted that the Espresso Maker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the Espresso Maker's safety features and overall safe condition.

43. Defendant Sensio US breached their implied warranty of merchantability, as the product did not conform to Defendant's affirmations regarding the safety features and overall safe condition of the Espresso Maker, the Espresso Maker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

44. As a direct and proximate result of Defendant Sensio US' breach of the implied warranty of merchantability, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the

losses and impairment in the future.

WHEREFORE, Plaintiff, Suzana Petrov, demands judgment against Defendant, Sensio US, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT V – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST SENSIO US

45. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

46. Defendant Sensio US designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Espresso Maker.

47. In selling the Espresso Maker to Plaintiff, Defendant Sensio US, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Espresso Maker to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendant impliedly warranted that the product would be fit for such particular purpose.

48. Defendant Sensio US breached its implied warranty of fitness for a particular purpose, as the Espresso Maker did not conform to Defendant Sensio US' affirmations regarding its product being fit for such particular purpose. The Espresso Maker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

49. As a direct and proximate result of Defendant Sensio US' breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and

nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Suzana Petrov, demands judgment against Defendant, Sensio US, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### **COUNT VI – FAILURE TO WARN AGAINST SENSIO US**

50. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

51. Defendant Sensio US designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Espresso Maker.

52. On or about April 19, 2022, Plaintiff used the Espresso Maker in the manner intended and/or foreseeably intended, when the Espresso Maker failed, exploded and/or otherwise caused injury to Plaintiff.

53. Upon information and belief, the Espresso Maker was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

54. Defendant Sensio US knew or should have known of the dangerous nature of the Espresso Maker by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Espresso Maker.

55. Defendant Sensio US had a duty to provide reasonable warning of the danger involved in the use of the Espresso Maker and failed to provide the public, including Plaintiff, notice of the danger involved.

56. As a direct and proximate result of the foregoing, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and

medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Suzana Petrov, demands judgment against Defendant, Sensio US, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### **COUNT VII – PRODUCTS/STRICT LIABILITY AGAINST SENSIO**

57. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

58. At all relevant times, Defendant Sensio was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing Espresso Makers and did design, manufacture, inspect, test, distribute, sell and/or market the Espresso Maker giving rise to the subject Complaint.

59. The Espresso Maker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

60. The Espresso Maker had not been misused post-sale before it failed.

61. The Espresso Maker was within its anticipated useful life when it failed.

62. The Espresso Maker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

63. Specifically, the Espresso Maker was unreasonably dangerous and/or defective in that:

  a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

  b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

64. That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns and other injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

65. Therefore, Defendant Sensio is liable to Plaintiff for the aforementioned injuries caused by the defective Espresso Maker.

  WHEREFORE, Plaintiff, Suzana Petrov, demands judgment against Defendant, Sensio, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## **COUNT VIII – NEGLIGENCE AGAINST SENSIO**

66. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

67. Defendant Sensio owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Espresso Maker, and/or to adequately warn of dangers presented by the product's design.

68. Defendant Sensio knew, or in the existence of ordinary care, should have known, that the Espresso Maker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

69. Alternatively, Defendant Sensio knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Espresso Maker such that

the type of incident and resulting injuries and damages as described herein would have been prevented.

70. Alternatively, Defendant Sensio had actual or constructive knowledge of the means of designing a Espresso Maker that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant Sensio failed to adequately design, equip and/or manufacture the Espresso Maker.

71. Alternatively, Defendant Sensio negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

72. Alternatively, Defendant Sensio failed to prudently design, manufacture, test, inspect, market and/or sell the Espresso Maker, and/or failed to include a reasonable and safer alternative to the subject defective condition.

73. As a direct and proximate result of Defendant Sensio's negligence, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Suzana Petrov, demands judgment against Defendant, Sensio, for compensatory damages, court costs, and such other and additional relief as this Court may

deem appropriate.

## COUNT IX – BREACH OF EXPRESS WARRANTY AGAINST SENSIO

74. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

75. Defendant Sensio designed, manufactured, assembled, distributed, inspected, tested and/or sold the Espresso Maker.

76. Defendant Sensio expressly warranted that the Espresso Maker was safe for ordinary use when used in compliance with the instructions provided.

77. Defendant Sensio's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the Espresso Maker.

78. The Espresso Maker did not conform to Defendant Sensio's affirmations regarding safety.

79. As a direct and proximate result of Defendant Sensio's breach of express warranties, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Suzana Petrov, demands judgment against Defendant, Sensio, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT X – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST SENSIO

80. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

81. Defendant Sensio at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Espresso Maker.

82. Defendant Sensio impliedly warranted that the Espresso Maker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the Espresso Maker's safety features and overall safe condition.

83. Defendant Sensio breached their implied warranty of merchantability, as the product did not conform to Defendant's affirmations regarding the safety features and overall safe condition of the Espresso Maker, the Espresso Maker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

84. As a direct and proximate result of Defendant Sensio's breach of the implied warranty of merchantability, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Suzana Petrov, demands judgment against Defendant, Sensio, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XI – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST SENSIO

85. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

86. Defendant Sensio designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Espresso Maker.

87. In selling the Espresso Maker to Plaintiff, Defendant Sensio, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Espresso Maker to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendant impliedly warranted that the product would be fit for such particular purpose.

88. Defendant Sensio breached its implied warranty of fitness for a particular purpose, as the Espresso Maker did not conform to Defendant Sensio's affirmations regarding its product being fit for such particular purpose. The Espresso Maker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

89. As a direct and proximate result of Defendant Sensio's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Suzana Petrov, demands judgment against Defendant, Sensio, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XII– FAILURE TO WARN AGAINST SENSIO

90. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

91. Defendant Sensio designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Espresso Maker.

92. On or about April 19, 2022, Plaintiff used the Espresso Maker in the manner intended and/or foreseeably intended, when the Espresso Maker failed, exploded and/or otherwise caused injury to Plaintiff.

93. Upon information and belief, the Espresso Maker was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

94. Defendant Sensio knew or should have known of the dangerous nature of the Espresso Maker by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Espresso Maker.

95. Defendant Sensio had a duty to provide reasonable warning of the danger involved in the use of the Espresso Maker and failed to provide the public, including Plaintiff, notice of the danger involved.

96. As a direct and proximate result of the foregoing, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Suzana Petrov, demands judgment against Defendant, Sensio, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a jury trial for all issues so triable.

Dated: January 23, 2024.

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive,
Suite 103
Weston, Florida 33331
Telephone:        (954) 515-5000
Facsimile:         (954) 659-1380

By:        /s/ Jason Turchin
JASON TURCHIN, ESQUIRE
Jason@victimaid.com