ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUZANA PETROV,                                    DOCKET NO. 24-cv-491

      Plaintiff,

v.

SENSIO COMPANY (US) INC.,
and SENSIO INC.,

      Defendants.
_____/

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/24

## STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

Plaintiff and Defendant(s), by their respective counsel, hereby stipulate and agree to the following terms of confidentiality (the "Order"), which shall govern all discovery taken in connection with the above-referenced case (the "Case"). The Court, having found good cause pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby ORDERS as follows:

1. Confidential Information

    1.1    For purposes of this Order, "Confidential Information" means non-public, confidential or proprietary financial, technical, commercial, or personal information that is contained or disclosed in any materials governed by this Order, including documents and testimony, and designated by a producing party or person in accordance with the procedures set forth in Section 2 of this Order.

    1.2    When used in this Order, the word "document" encompasses all written material, video, audio or other data record, deposition testimony, written discovery responses, and all other information and tangible items, whether produced as hard copy, electronic document, computer diskette, CD-ROM or otherwise.

    1.3    "Testimony" means testimony by any Party or witness in connection with the Litigation, including, but not limited to, deposition testimony.

1.4     "Litigation" means the above-captioned action.

1.5     No documents shall be designated or remain "Confidential" that: (a) at the time of disclosure hereunder are in the public domain; or (b) become available to the public after disclosure hereunder through no fault of the receiving party; or (c) are in the possession of the receiving party prior to disclosure hereunder and are not subject to a separate protective order, as evidenced by competent evidence; or (d) are disclosed to the receiving party by a third party that has an independent right to disclose such information.

2.      Designation of Confidential Information

2.1     Any document, including any part thereof, a producing party (hereinafter "Producing Party," which term shall include third parties producing a document for purposes of this Case) reasonably believes falls within the definition set forth in paragraph 1.1 above may be designated by Counsel for a Producing Party as Confidential Information by marking "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the face of every page of the document. A Producing Party that so designates a document is referred to below as the Designating Party for such.

2.2     Counsel for a Producing Party may designate any or all of a deponent's deposition testimony as Confidential Information by making a statement to that effect on the record while the deposition is being taken. Alternatively, counsel for a Producing Party may designate the transcript of a deposition as containing Confidential Information by notifying counsel for all parties in writing, within ten (10) business days of receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information. All deposition transcripts shall be treated as Confidential Information and subject to this Order until ten (10) business days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as containing Confidential Information in accordance with this Section 2.2 shall not be entitled to the protection afforded under this Order.

2.3  When Confidential Information is designated during a deposition, the designating party shall instruct the court reporter to make the following notations in the deposition transcript:

> (a) on the first page of the transcript, "This transcript contains CONFIDENTIAL Information"; and
>
> (b) on each page containing Confidential Information, the notation "CONFIDENTIAL".

2.4  There shall be no obligation to challenge a designation of a document as Confidential Information contemporaneous to such designation being made, and failure to do so shall not preclude a subsequent challenge.

2.5  The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

> (a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.
>
> (b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

2.6  Information Filed with the Court: All documents and materials filed with the Court containing or reflecting the contents of Confidential Information shall be filed consistent with the

local rules regarding confidentiality with the documents being endorsed with the caption of the Action, a generic designation of the contents, and the words "CONFIDENTIAL INFORMATION-- SUBJECT TO COURT ORDER".

No party or other person may have access to any sealed document from the files of the Court without an order of the Court. The "Judge's Copy" of a sealed document may be opened by the presiding Judge, law clerks and other Court personnel without further Order of the Court. Each document filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered or (2) within thirty days after the mandate of the last reviewing court which disposes of this Action in its entirety is filed ("the final resolution of this Action"). If the party which filed a sealed document fails to remove the document within the appropriate time frame, then, after notice from the Clerk of Court, the document shall be destroyed by the Clerk.

3. Use of Confidential Information

3.1    Confidential Information shall be used by any party, other than the producing party, solely for the purpose of conducting this Action, and shall in no event be used for any business, competitive, personal, private, public or other purpose, except as required by law.

3.2    Confidential Information and any analysis or report containing Confidential Information may be disclosed only to: (a) the persons entitled to receive Confidential Information, including (1) the Court and its personnel; (2) a mediator, and paralegal, secretarial, and clerical personnel who are employed by the mediator to assist in such proceeding, who have executed a Confidentiality Undertaking; (3) counsel of record in the Case, as well as their paralegal, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this proceeding; (4) court reporters and videographers retained in connection with depositions; (5) mock jurors for their use in a mock exercise, provided that they have executed a Confidentiality Undertaking and that all such information and copies thereof are retrieved and

accounted for at the conclusion of the exercise; (6) other non-party support service including, but not limited to, professional jury or trial consultants, and professional vendors providing litigation support services, copy services, document processing, and trial graphics services, who have executed a Confidentiality Undertaking; (7) independent testifying or non-testifying experts and their support staff retained to furnish expert or technical services or to give expert testimony in connection with the Case, who are not otherwise affiliated with a party and who have executed a Confidentiality Undertaking; (8) non-independent experts and their support staff retained to furnish expert or technical services or to give expert testimony in connection with the Case, who have executed a Confidentiality Undertaking; (9) in-house counsel for Defendants, including paralegal, secretarial, and clerical personnel assisting in-house counsel; and (10) such other persons as the parties may designate in writing by stipulation between the parties, provided, however, that before such person is shown or receives any information or document designated as confidential, they agree to be subject to the terms of this Stipulated Protective Order in writing by signing the Confidentiality Undertaking; (b) any named party or class representative, provided that if such class representative is not a named party, they agree to be subject to the terms of this Stipulated Protective Order in writing by signing the Confidentiality Undertaking before receiving any Confidential Information; (c) Employees, officers or directors of a party but only to the extent counsel determines in good faith that the employee's, officer's or director's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed; and (d) fact witnesses and their counsel during the course of a deposition and/or testimony in the Case to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

3.3   Counsel for each party shall maintain copies of Confidentiality Undertakings signed by those people to whom Confidential Information is disclosed in whole or in part. The

signed Confidentiality Undertakings shall be available for inspection by counsel for each Producing Party upon reasonable notice, except that no party shall be required to disclose the name of any retained expert or consultant except as required by Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure. Any individual to whom counsel for the parties makes a disclosure, pursuant to this Order, of Confidential Information must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

3.4   Documents containing Confidential Information need not be filed with the Clerk except when required in connection with Motions under Federal Rules of Civil Procedure 12 or 56 or other matters pending before the Court, as set forth in this paragraph. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk, so long as they retain their status as Confidential Information. Redacted copies will be publicly filed with the Clerk's Office.

3.5   Any party wishing to use Confidential Information in the trial or in any hearing in the Case shall notify the other parties of its desire to do so reasonably in advance of the trial or hearing at which the party wishes to use the information. For trial, this notification must occur no later than the date the pre-trial order is due or one-month prior to trial, whichever period is longer. For a hearing, this notification must occur not later than two-weeks before the hearing. The parties shall negotiate, in good faith, to reach an agreement on the use of such Confidential Information, including restrictions on the manner in which such information may be used, as necessary to protect the confidentiality of the information. If the parties cannot reach an agreement on the use of the information, the party seeking to use the information must notify the Court of its desire to use the information. The information may be used only in the discretion of the Court, subject to restrictions imposed by the Court to protect confidentiality of the information.

3.6   This Protective Order shall not be construed to prevent examination of any person as a witness at any court hearing, trial or during deposition concerning any Confidential Discovery Material.

3.7    In the event that a party is ordered or requested to produce or disclose any document(s) designated as Confidential Information, through a subpoena in another action, a demand in another action to which it is a party, or any other legal process served by a person not a party to the Case, the party served with the subpoena, demand, or other legal process shall object to production of the Confidential Information and shall give prompt written notice to the Producing Party within five (5) days of receiving the request or order. If the non-party seeking access to the Confidential Information takes action against the party to enforce such a subpoena, demand, or other legal process, the party shall respond by noting the existence of this Order. Nothing in this Order requires a party to challenge or appeal any order requiring production of Confidential Information; to subject itself to any penalties for noncompliance with any subpoena, demand, legal process, or order; or to seek any relief from this Court.

4. Conclusion of the Case

4.1    At the conclusion of this Action, all Confidential Information, and copies of such materials, shall be surrendered to the designated party (or its counsel) if requested, or otherwise destroyed. Notwithstanding these requirements, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

5. Inadvertent or Unintentional Disclosure

5.1    The inadvertent or unintentional disclosure by the Producing Party or person to designate a document as Confidential Information, standing alone, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information

disclosed or as to any other information relating thereto or on the same or related subject matter. Promptly upon discovering its inadvertent error, the Producing Party or person shall notify the receiving party in writing of the error, and within ten (10) days of receipt of notice the receiving party shall either (a) mark all copies of the specified materials with the appropriate legend, (b) destroy the unmarked copies, or (c) return the unmarked copies return them to the Producing Party or person for marking. If returned to the Producing Party for marking, the Producing Party shall return the marked copies to the receiving party within five (5) business days. The production or conspicuous use, in a deposition or otherwise in the presence of counsel for a Producing Party, of a document inadvertently not designated under section 1.1 above shall not constitute discovery or notice of such inadvertent failure to so designate or otherwise prejudice the Producing Party's ability to so designate at that time.

6. No Admissions

6.1     A party's compliance with the terms of this Order shall not operate as an admission regarding the confidentiality, admissibility, or privileged nature of any particular document or information.

7. Third-Party Materials/Non-Parties

7.1     This Protective Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents or otherwise, in this Action, unless the non-party waives the protection of this Protective Order. This Protective Order shall also apply to non-parties who are afforded access to documents or information produced during discovery in this Action, whether by deposition, production of documents or otherwise.

8. Continuing Jurisdiction

8.1     Upon the final resolution of this Action, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this Action.

9. Violation

9.1     Any party to this action may file a motion requesting the Court to enforce the terms of this Protective Order.

10. Miscellaneous

10.1    Nothing herein shall be construed to prevent any party from using or continuing to use any information that is in the public domain or that subsequently becomes a part of the public domain other than as a result of any act of such party or of disclosure in violation of this Order. Nothing herein shall be construed to prevent a party from using or continuing to use any documents or information known to it or used by it prior to the filing of this Order or that has come or shall come into a party's possession independently of disclosure and/or discovery in this Case, except in accordance with any pre-existing limits attached to those documents or information.

10.2    Nothing contained in this Order shall be construed to limit any party's rights (a) to use, in taking depositions of a party, its employees, former employees or its experts or in briefs or at trial or in any proceeding in this litigation, any information designated Confidential Information of that party, or (b) to disclose Confidential Information to any witness at a deposition or at trial who either wrote (in whole or in part), received, or lawfully has or had rightful access to such information, except that such witness must execute the Confidentiality Undertaking. In addition, a witness may be shown any document that contains or reveals Confidential Information if the witness (a) is a 30(b)(6) witness testifying on behalf of the Producing Party, (b) is a present officer, director or employee of the Producing Party, (c) was an officer or director of the Producing Party at the time the document was sent and/or created, had access to the document while an officer or director, and who has executed a Confidentiality Undertaking, (d) was an employee of the Producing Party at the time the document was sent and/or created and is not then-employed by a competitor of the Producing Party, or (e) was an employee of the Producing Party

at the time the document was sent and/or created whose duties or position while with the Producing Party would have provided access to the type of Confidential Information at issue. Before any person listed in this section may be shown any document that contains or reveals Confidential Information, the witness must execute the Confidentiality Undertaking.

10.3    Nothing in this Order shall prevent a party from attempting to examine as witnesses, during depositions or at trial, persons not authorized to receive documents designated as Confidential Information, as identified herein, if the examination concerns a document that the witness previously had actual lawful access to or prior knowledge of as demonstrated by the document itself or by foundation testimony, so long as the witness executes the Confidentiality Undertaking. Nor shall this Order prevent counsel from examining a witness to determine whether he or she has prior knowledge of Confidential Information, so long as such examination shall be in a manner that does not disclose the details of the designated documents. Any Confidential Information so used shall not lose its confidential status through such use and its confidentiality shall be protected in conformance with this Order.

10.4    This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties, or by order of the Court made upon reasonable written request.

10.5    Subject to the requirements of the Federal Rules of Civil Procedure and the local civil rules of this Court, the provisions of this Protective Order shall continue to be binding throughout and after the conclusion of the Litigation (including, without limitation, any appeals therefrom), absent written permission from the affected Producing Party or further order of this Court.

10.6    This Stipulation Is Binding Pending the Court's Entry of A Protective Order. The Parties agree to be bound by this proposed Protective Order pending its entry by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this

proposed Protective Order had been entered by the Court.

SO STIPULATED on 10/02/2024.

By: /s/ *Jason Turchin, Esq.*
JASON TURCHIN, ESQ.
Email: jason@victimaid.com
LAW OFFICES OF JASON TURCHIN
2883 Executive Park Drive, Ste. 103
Weston, FL 33331
Telephone:    954-659-1605 x 210
Attorney for Plaintiff

By: /s/ *Anthony C. Nwaneri, Esq.*
ANTHONY C. NWANERI, ESQ.
Email: anwaneri@bbclawfirm.com
BBC LAW, LLP
90 Broad Street Suite 1906
New York, NY 10004
Telephone:    (646) 856-0374
Attorney for Defendant

*This agreement has little or no effect on the need to disclose documents publicly if they are offered to a court.*

APPROVED AND SO ORDERED in Chambers this _Seventh_ day of _October, 2024_, ___:

_Louis L. Stanton_

UNITED STATES DISTRICT JUDGE